```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

GREG JUNTTONEN,                  )  CIVIL NO. 17-00119 HG-KSC
                                 )
         Plaintiff,              )
                                 )
    vs.                          )
                                 )
THE REHABILITATION HOSPITAL      )
OF THE PACIFIC; AUDREY           )
TORRES; LALEINE LANIER; FAYE     )
MIYAMOTO; and DOES 1-15,         )
                                 )
         Defendants.             )
_____)
```

**ORDER TO REMAND**

Plaintiff Greg Junttonen filed a lawsuit against Defendants in Hawaii State Court. Plaintiff alleged four Hawaii state law causes of action. Defendants argue that Plaintiff has engaged in artful pleading to avoid federal question jurisdiction. None of Plaintiff's claims raise a substantial federal question.

This case is remanded to state court for lack of subject-matter jurisdiction.

**PROCEDURAL HISTORY**

On February 23, 2017, Plaintiff filed a Complaint in the Circuit Court for the First Circuit of the State of Hawaii in the matter styled <u>Greg Junttonen v. The Rehabilitation Hospital of the Pacific; Audrey Torres; Laleine Lanier; Faye Miyamoto; and Does 1-15</u>, Civil No. 17-1-0300-02 GWBC. (ECF No. 1-4).

On March 15, 2017, Defendants filed a Notice of Removal to

1

this Court. (ECF No. 1).

On March 14, 2018, Defendants filed a Motion for Summary Judgment. (ECF No. 32).

Also, on March 14, 2018, Defendants filed a Concise Statement of Material Facts in Support of Their Motion for Summary Judgment. (ECF No. 33).

On March 27, 2018, Plaintiff filed an Opposition. (ECF No. 36).

Also, on March 27, 2018, Plaintiff filed a Concise Statement of Facts in Opposition to Defendant's Motion for Summary Judgment. (ECF No. 35).

On April 12, 2018, Defendants filed a Reply. (ECF No. 39).

On May 15, 2018, the Court held a hearing. The Court found a lack of subject-matter jurisdiction and ordered this case to be remanded. This order constitutes the written decision of the oral ruling. (ECF No. 42).

**BACKGROUND**

Plaintiff Greg Junttonen is a resident of the City and County of Honolulu, Hawaii. (Complaint at p. 1, attached as Exhibit C to Defendant's Notice of Removal, ECF No. 1-4).

Defendant Rehabilitation Hospital of the Pacific is incorporated in Hawaii, and is doing business in Hawaii. (Id.)

Defendants Audrey Torres, Laleine Lanier, and Faye Miyamoto are residents of the City and County of Honolulu, Hawaii. (Id.)

Plaintiff alleges that he was employed by Defendant Rehabilitation Hospital of the Pacific from November 1993 through

2

February of 2015.  (Id. at pp. 2-3).

On or around February 3, 2015, Plaintiff states that he reported to Defendant Rehabilitation Hospital of the Pacific the use of an unqualified nurse's assistant to transfer patients in violation of federal functional independent measures regulations, as well as other federal and state laws and regulations.  (Id. at p.3)

On or about February 25, 2015, Plaintiff was discharged by Defendant Rehabilitation Hospital of the Pacific.  (Id.)

Plaintiff alleges that his termination caused him to experience extreme emotional distress.  (Id. at p. 4).

Plaintiff also alleges that in late February and early March of 2015, Defendants Torres, Lanier, and Miyamoto defamed him by stating that he practiced medicine without a license and engaged in other negligent or unprofessional conduct.  (Id.)

On or about November 19, 2015, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging that he was discriminated and retaliated against due to his race and color in violation of Title VII of the Civil Rights Act of 1964.  (Notice of Removal at p.2, ECF No. 1).  On or about January 17, 2017, the EEOC issued Plaintiff a Dismissal and Notice of Right to Sue.  (Id.)

On February 23, 2017, Plaintiff filed a Complaint in Hawaii State Court, alleging four state law causes of action.  (Complaint at p. 1, attached as Exhibit C to Defendant's Notice of Removal, ECF No. 1-4).  Defendant removed Plaintiff's

Complaint to this Court on March 15, 2017.

## **STANDARD OF REVIEW**

Removal of a civil action from state court to the appropriate federal district court is permissible only if the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331.

There is a strong presumption against removal. Gaus v. Miles, Inc. 980 F.2d 564, 566 (9th Cir. 1992). The statute authorizing removal is strictly construed, and the removing party has the burden of establishing that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

Absent diversity jurisdiction, removal is proper if a federal question is apparent on the face of the plaintiff's well-pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule makes the plaintiff the master of the claim, able to avoid federal jurisdiction by relying exclusively on state law. Id.

The federal court may remand the removed case on motion of either party or sua sponte. Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) (stating, "[i]t is elementary that the subject matter jurisdiction of the district court is not a

4

waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court"). Lingering doubts about the validity of a case's removal are resolved in favor of remanding the case to state court. Gaus, 980 F.2d at 566.

## ANALYSIS

Federal question jurisdiction, under 28 U.S.C. § 1331, exists when a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that a state law claim "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1086-87 (9th Cir. 2009) (quoting Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005)).

The well-pleaded complaint rule states that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). A plaintiff, as master of his complaint, may avoid federal jurisdiction by exclusive reliance on state law. Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997). A plaintiff may not avoid federal jurisdiction by omitting federal law essential to his claim, or by casting in state law terms a

claim that can be made only under federal law.  Id.

Plaintiff's Complaint appears to only bring state law causes of action.  On its face, Plaintiff's Complaint contains four claims: (1) violation of the Hawaii Whistleblower Protection Act, (2) a state law wrongful termination in violation of public policy claim, (3) a state law defamation claim, and (4) a state law intentional infliction of emotional distress claim.  (Complaint, attached as Exhibit C to Defendant's Notice of Removal, ECF No. 1-4).  The Court finds no federal question presented on the face of the Complaint.

**I. Plaintiff's Complaint Does Not Cite Any Federal Cause of Action or Implicate a Substantial Federal Issue**

There is no basis to find that the Plaintiff has engaged in artful pleading.  The artful pleading doctrine allows the court to delve beyond the face of the complaint to find federal question jurisdiction by recharacterizing a plaintiff's state law claim as a federal question claim. Lippitt v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003).  Courts apply the artful pleading doctrine in either complete preemption cases or substantial federal question cases. Id.  Substantial federal questions arise where the claim is (1) necessarily federal in character or (2) where the right to relief depends on the resolution of a substantial, disputed federal question. Id. at 1042.  Courts should only invoke the question of artful pleading in limited circumstances. Id. at 1041.

Defendants argue that Plaintiff's Hawaii Whistleblower

Protection Act claim and wrongful termination in violation of public policy claim raise substantial federal issues related to Title VII of the Civil Rights Act of 1964 and an alleged violation of a federal "Functional Independent Measure" regulation. (Notice of Removal at pp. 2-3, ECF No. 1). Defendants contend that Plaintiff's Charge of Discrimination filed with the United States Equal Employment Opportunity Commission in November 2015 characterized his claim as discrimination under Title VII. Defendants point out that characterization was based on the same factual allegations supporting Plaintiff's whistleblower and wrongful termination claims.

The same factual allegations may support federal claims as well as state claims. State autonomy would be impacted if defendants were able to remove state claims to federal court merely because the plaintiff could have asserted a federal claim using the same set of underlying facts. Redwood Theatres, Inc. v. Festival Enterprises, Inc., 908 F.2d 477, 483 (9th Cir. 1990)(citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 407 (1981)(Brennan, J. dissenting)).

**A. Preemption**

Preemption is not at issue in this suit. Title VII of the Civil Rights Act of 1964 only preempts inconsistent state law. California Federal Sav. and Loan Ass'n v. Guerra, 479 U.S. 272, 292 (1987). Defendants have not identified any other federal statutes that provide exclusive causes of action for any of the

7

claims asserted.  <u>Lippitt</u>, 340 F.3d at 1041.  No other federal statutes have been identified that set forth procedures and remedies governing Plaintiff's causes of action.  <u>Id.</u>

As preemption does not apply, the Court must only determine whether substantial federal questions have been raised by Plaintiff's Hawaii Whistleblower Protection Act or wrongful discharge in violation of public policy claims.

**B. Alternative Theories of Liability Based on State Laws and Regulations**

Where a Plaintiff has pled alternative grounds for relief, which do not rely on federal law, assertion of federal jurisdiction is improper.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 810 (1988); <u>Rains v. Criterion Systems, Inc.</u>, 80 F.3d 339, 345-46 (9th Cir. 1996).  When a claim may be supported by alternative and independent theories, one of which is a state law theory and one of which is a federal law theory, federal question jurisdiction does not attach because federal law is not a necessary element of the claim.  <u>Rains</u>, 80 F.3d at 1043.

Plaintiff's state wrongful termination in violation of public policy claim alleges that:

> On or about February 25, 2015, Plaintiff was discharged from employment with Rehabilitation, because he reported Rehabilitation's violations, and/or because Junttonen followed federal, and state laws, regulations, and rules, which is a violation of the Hawaii state whistleblower law, and violation of public policy.

(Complaint at p. 3, attached as Exhibit C to Notice of Removal, ECF No. 1-4)

8

> Plaintiff's Whistleblower Protection Act claim alleges that:
>
> On or about February 3, 2015 Plaintiff reported to Rehabilitation that it used an unqualified nurse's assistant to transfer patients in violation of United States federal functional independent measures regulations, and/or other federal and/or state law and regulations requirements.

(Id.)

### 1. Wrongful Termination in Violation of Public Policy

Hawaii common law provides a cause of action for at-will employees who are wrongfully discharged in violation of a "clear mandate of public policy." Parnar v. Americana Hotels, Inc., 652 P.2d 625, 631 (Haw. 1982). Such claims are often called "Parnar claims." An employee's termination raises a colorable Parnar claim when the employer's conduct conflicts with the text or purpose of a constitutional, statutory, or regulatory provision or scheme. Id.

The Ninth Circuit Court of Appeals interpreted Hawaii's jurisprudence for a wrongful termination claim under Parnar in Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1067 (9th Cir. 2002). The Villiarimo case was an appeal from a grant of summary judgment of a Hawaii wrongful termination claim in violation of public policy. The appellate court held that there are three requirements for bringing an actionable Parnar claim. First, the employee's discharge must violate a clear mandate of public policy. Second, the cause of action is limited to certain protected activities. Such activities include refusing to commit an unlawful act, performing an important public obligation, or

9

exercising a statutory right or privilege.  Third, there must be evidence of a causal connection between the termination and the protected action.  Id. at 1067.

In a similar case to the present suit, the Ninth Circuit Court of Appeals considered whether a plaintiff's claim for wrongful termination in violation of public policy under the California Constitution, the California Fair Employment and Housing Act, and Title VII of the Civil Rights Act of 1964 conferred federal question jurisdiction.  Rains v. Criterion Systems, Inc., 80 F.3d 339 (9th Cir. 1996).  In Rains the Court of Appeals found that state, not federal, law created the cause of action for wrongful discharge in violation of public policy. Id. at 343-44 (citing Gantt v. Sentry Ins., 824 P.2d 680, 636 (Cal. 1992); Foley v. Interactive Data Corp., 765 P.2d 373 (Cal. 1988); Tameny v. Atlantic Richfield Co., 610 P.2d 1330 (Cal. 1980).  The Court of Appeals reasoned that even though the same facts could have been the basis for a Title VII claim, it did not turn plaintiff's state wrongful termination claim into a federal cause of action.  Id.  The Rains plaintiff was entitled to bring a state claim rather than a Title VII claim.  Id. (citing Pan American Petro. Corp. v. Superior Court, 366 U.S. 656, 663-64 (1961)).

If a plaintiff may sue on state or federal grounds, a plaintiff may avoid removal by relying exclusively on his state law claim.  Id. (citing Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1395 (9th Cir. 1988)).  In Rains, the Court concluded

that the plaintiff had not raised a substantial federal question in his complaint. Id. at 345. The Rains plaintiff's alternative state law theories of liability would allow the plaintiff to establish a violation of public policy without interpreting federal law. Id.

Rains is directly applicable to this case. The elements of a wrongful termination in violation of public policy claim are similar in both Hawaii and California. Paras v. Delta Dental Of California, 2012 WL 629997, at *6 (Cal. Ct. App. Feb. 27, 2012); Villiarimo, 281 F.3d at 1067.

Here, unlike in Rains, Plaintiff has not cited to Title VII of the Civil Rights Act of 1964 in his Complaint. Defendant argues that Plaintiff's wrongful termination claim is actually a Title VII claim because at some point Plaintiff filed a charge with the United States Equal Employment Opportunity Commission. (Reply at pp. 3-4, ECF No. 39). Plaintiff, as master of his complaint, may file a Title VII charge with the United States Equal Employment Opportunity Commission and then choose not to file a Title VII claim in court. Rains, 80 F.3d at 344; Caterpillar, 482 U.S. at 392. Plaintiff has also plead alternative state law theories of liability and may establish his Parnar claim without the interpretation of federal law. Rains, 80 F.3d at 345.

Plaintiff has not engaged in artful pleading with respect to his claim for wrongful termination in violation of public policy. The Court lacks subject-matter jurisdiction to consider it.

11

## 2. Hawaii Whistleblower Protection Act

Plaintiff's alleged whistleblower activity involved both federal laws and regulations, as well as state laws and regulations. (Complaint at p. 3, attached as Exhibit C to Notice of Removal, ECF No. 1-4).

Plaintiff's whistleblower cause of action may require interpretation of a federal functional independent measure regulation or Title VII of the Civil Rights Act of 1964, but still not confer federal question jurisdiction as Plaintiff also plead that he reported violations of state laws and regulations. Rains, 80 F.3d at 345.

Plaintiff has not engaged in artful pleading with respect to his Hawaii Whistleblower Protection Act claim and the Court lacks subject-matter jurisdiction to consider it.

### C. The Correctness of a Report Under the Hawaii Whistleblower Protection Act is Irrelevant

A Hawaii Whistleblower Protection Act claim, under Haw. Rev. Stat. § 378-62, contains three elements. First, an employee must have "engaged in protected conduct" as defined by Haw. Rev. Stat. § 378-62(1). Griffin v. JTSI, Inc., 654 F.Supp. 2d 1122, 1131 (D. Haw. 2008) (citing Crosby v. State Dept. of Budget & Fin., 876 P.2d 1300, 1310 (Haw. 1994)). Second, the employer must take some "adverse action" against the employee. Id. Third, there must be a causal connection between the alleged retaliation and the act of whistleblowing. Id. To meet the causal connection requirement, an employer's retaliatory act must have been taken

12

because the employee engaged in protected conduct. Id.

An employee's act or reporting is a protected activity as long as the employee reasonably believes he is reporting unlawful conduct, regardless of whether the underlying conduct was actually unlawful. Onodera v. Kuhio Motors Inc., No. CIV. 13-00044 DKW, 2014 WL 1031039, at *5 (D. Haw. Mar. 13, 2014)(interpreting Haw. Rev. Stat. § 378-62) (citing Little v. Windermere Relocation, Inc ., 301 F.3d 958, 969 (9th Cir. 2001); Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 506 (9th Cir. 2000); Moyo v. Gomez, 40 F.3d 982, 985 (9th Cir. 1994)). It is the act of reporting that is a protected activity, not the correctness of the report. See Ragasa v. Cnty. of Kaua'i, No. CV 14-00309 DKW-BMK, 2016 WL 543118, at *22 (D. Haw. Feb. 8, 2016).

The correctness of Plaintiff's report to Defendant Rehabilitation is not a necessary element of Plaintiff's whistleblower claim. Onodera, 2014 WL 1031039, at *5. Plaintiff's whistleblower claim does not depend on the resolution of a substantial disputed question of federal law or require interpretation of Title VII or a federal functional independent measure regulation. Lippitt, 340 F.3d at 1042. The fact that Plaintiff's report involved a federal functional independent measure regulation does not confer subject-matter jurisdiction to this Court for Plaintiff's whistleblower claim.

**II. Defendant's Timeliness Objection**

Pursuant to 28 U.S.C. § 1447(c), a case shall be remanded if

at any time before final judgment it appears that the district court lacks subject-matter jurisdiction. Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 87 (1991). Defendants' argument that Plaintiff failed to timely object to removal is unavailing. (Reply at pp. 4-5, ECF No. 39). The time limits for motions to remand only apply to procedural defects, not jurisdictional defects. Smith v. Mylan Inc., 761 F.3d 1042, 1044 (9th Cir. 2014)

## **CONCLUSION**

The Court lacks subject-matter jurisdiction in this case. Defendant's Motion for Summary Judgment may not be considered by the Court.

The case is **REMANDED** to the Circuit Court of the First Circuit, State of Hawaii for further proceedings.

The Clerk of Court is directed to transfer this case and all files herein to the Circuit Court of the First Circuit, State of Hawaii, for further proceedings.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 21, 2018.

Helen Gillmor
United States District Judge

Greg Junttonen v. The Rehabilitation Hospital of the Pacific; Audrey Torres; Laleine Lanier; Faye Miyamoto; and Does 1-15, Cv No. 17-00119 HG-KSC; **ORDER TO REMAND**